State vs. Dame.

---

STATE, RESPONDENT, vs. DAME, APPELLANT.

1. Where there is evidence of the defendants guilt, and the court below, by instructions, fairly left the case to the jury, its judgment will not be disturbed.

## APPEAL from St. Louis Criminal Court.

LACKLAND, for the State.

The court did not err in allowing the counsel for the State to ask the witness, Fisher, whether he saw any thing in Mathias Mosbacher's hands, and what was his manner during certain portions of the difficuty. Because, this is a part of the res jestæ, and it was clearly shown that they were acting in concert, which is evidence of a common design, and the act of one is the act of all: 1 Greenleaf's Ev. sec. 111; Antheny vs. State, 1 McCord S. C. Rep. 285; 2 Benard 345 S. C. Reports.

The court did not err in refusing to allow the witness Geo. Mosbacher, to remain in the court during the exaination of the other witnesses. Geo. M.'was a witness for defendant, and intended to be used. The court made an order, upon motion, that all the witnesses, of each party, except the one on the stand, should be excluded from the court room. The fact, that the defendant and his counsel could not speak the same language, is no reason for excepting said witness. There were persons accessible, who could speak German and English, besides George. This is a matter in the discretion of the court, and the record does not show that it was not well exercised. Roscoe Crim. Ev. 162; 2 Phil. Ev. 395.

The first instruction given, presents the law of justifiable homicide to the jury, and we see nothing objectionable in it.

The second instruction given is correct. It seems to us to be well settled, that the defendant must decline the combat in good faith. The difficulty must have been unsought by him; he must be blameless in the matter before he can defend a homicide on the ground of justification: 1 Hill 421; Wheeler C. C. 489.

The 3rd instruction is correct, and was properly given. If there were a joint attack and a joint intent to kill, the act of one is the act of both, and the stroke of one is the stroke of all concerned: 1 McCord 285.

The 4th instruction is the same as the 3rd, except that it informs the jury, in effect, that they can find the guilty upon circumstantial evidence: 4 Penn. 272.

The 5th instruction informs the jury of two propositions: 1st, as to the question of passion that is, a heated state of the blood, and is an inference of law, arising from a lawful provocation and, consequently, there can be no passion without provocation, as there can be no effect without a cause. 2nd, if the killing was wilful and malicious, and without deliberation and premedita-

tion, this is murder in the second degree: Wharton's Cr. Law 291; State vs. Mitchell, 5 Yerger 347, Judge Catron's opinion; ib. Judge Peck's opinion; Hogystis case Lewis' Crim. Law, pages 402, 405; Com. vs. Jones, 1 Leigh 612; Swan vs. State, 10 Yerger 139.

The 6th instruction is upon the subject of murder in the first degree, and inasmuch as the jury returned a verdict of murder in the 2nd degree, it is unnecessary to notice it.

A doubt, to authorize an acquittal, must be a substantial doubt of the existence of some fact essential to a conviction, and not a mere possibility that defendant may be innocent. The court, properly, so instructed: 4 Penn. 269, 273.

It is hardly necessary to notice the first instruction asked by defendant and refused, because it is upon the subject of murder in the first degree, and the verdict was for murder in the second degree. The refusal of the instruction, if correct, did not damage the defendant. The instruction, however, we think bad, in this, it was calculated to lead the jury into the error that defendant cannot be guilty unless he *actually* killed.

The second instruction, asked by defendant, was properly refused. It is clearly erroneous, in this, it contains the proposition, that the jury must find the defendant guilty of wilful, deliberate and premeditated killing or acquit altogether. That the jury cannot find the defendant guilty of any grade of homicide, inferior to that of murder in the first degree, as charged in the indictment. We deem it unnecessary to refer to authority to prove error in this proposition.

The substance of the third instruction is contained in the first one given by the court, and therefore no error was committed in refusing it.

The fourth instruction, asked by defendant, is erroneous, and for that reason was properly refused. The latter clause of this instruction is in these words: "That it is not murder in any degree, under this indictment, unless the jury shall find from the evidence that defendant killed Schaffer by design, formed before the act of killing, or without legal excuse or justification as laid and expressed in the criminal code of the State.

If the formed *design* to kill, exists at the time of the killing, and the killing is wilfully done, this is murder in the first degree, under our statute, unless done in self defence: Swan vs. Steat, 10 Yerger 140; Penn vs. Green, 1 Ashmead appendix 21.

A previously formed design to kill, or the prior intent as described by the supreme court in Bower vs. State, 5 Mo. 380, is not an essential ingredient of murder in the second degree, or else there is no difference between murder in the first and second degrees. We understand the differences between murder in the first and second degrees, under our statute, to be this, to-wit: murder in the first degree is a wilful killing not justifiable, with a previously formed design to kill. Murder in the second degree is a wilful killing, not justifiable, when such previously formed design to kill does not appear: Swan vs. State, 10 Yerger 139. Consequently, we think that those homicides which were murder at the common law, with implied malice, fall within the above definition of murder in the second degree: State vs. Mitchell, Judge Peck's opinion, 5 Yerger 350. But the instruction says the previously formed design is common to both degrees of murder, and in this we think is the error. In support of this distinction, between murder in the first degree, we refer the court to the authorities cited in support of the 5th instruction given by the court.

The counsel for the defendant, at the hearing of the motion for a new trial, contended that the instructions marked five and six, were presented to the court, to be passed upon before the jury took the case. This, his Honor, Judge Colt, denies. It seems certain, however, that they were not passed upon by the court.

Admitting, that both were offered and refused, there is no error. The substance of so much of the instruction as relates to rational doubts of guilt, is contained in an instruction given.

The latter part of the fifth instruction, in dispute, was calculated to mislead the jury, as it seems to convey the idea that if they doubt the wilfulness, deliberation or premeditation, they could not find defendant guilty as charged, and seems to negative their right to find him guilty of any other degree or class of homicide.

The sixth instruction, in dispute, is the same in substance as the second instruction refused, and is liable to the same objections.

RYLAND, J., delivered the opinion of the court.

Adam Dame and Matthias Mosbacher were indicted in the criminal court for the murder of Charles Schaffer. The trial of Dame was a separate one: The jury convicted him of murder in the second degree, and assessed his punishment to confinement in the penitentiary for seventy years. The judge of the criminal court commuted this punishment to the term of twenty-five years. A motion was made for a new trial, which was overruled by the court; to which the defendant excepted and brought the case to this court, by appeal.

No grounds of error have been pointed out, and no errors have been assigned, none being required by law in criminal cases.

We have therefore, looked into the record and proceedings, and find that there was much testimony tending to prove the defendant's guilt.

We have examined the instructions, and the objections made to them, and the objections, also, to the evidence. We find the instructions sufficiently correct. We think the court fairly left the case with the jury, upon the law. Also, we find no error in regard to the admission of any testimony in the case.

With the concurrence of the other judges, the judgment of the criminal court is affirmed.